# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 25, 2012

Lyle W. Cayce
Clerk

No. 11-50722
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CHRISTOPHER SHANE WARREN,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CR-44-1

Before DENNIS, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Christopher Shane Warren appeals the sentence imposed following his guilty-plea conviction for possession of a chemical, product, or material to manufacture methamphetamine. *See* 21 U.S.C. § 843(a)(6) & (d)(2). As standard conditions of Warren's three-year term of supervised release, the district court ordered that Warren submit to an evaluation for substance abuse and to a narcotics addiction treatment program if the probation officer deemed such treatment necessary, that he submit to a mental health evaluation and to a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mental health program if the probation officer deemed it necessary, that he participate in a cognitive behavioral treatment program if the probation officer deemed it necessary, and that he participate in workforce development programs and services if deemed necessary by the probation officer.

Warren first argues that the district court improperly delegated to the probation officer authority to determine, while Warren was on supervised release, whether narcotics addiction treatment, mental health treatment, cognitive behavioral treatment, and workforce participation services were necessary. He concedes that the imposition of such conditions is not plain error under the precedent of this circuit, *see United States v. Bishop*, 603 F.3d 279, 281 (5th Cir. 2010), but contends that this court should reconsider the issue. One panel of this court may not overrule the decision of a prior panel in the absence of en banc consideration or a superseding Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

Additionally, Warren argues that the district court imposed, in the written judgment but not in the oral judgment, a special condition permitting certain searches of Warren and his property by the probation officer. He contends that the written judgment must be amended to reflect the lack of such a condition in the oral judgment. The special conditions listed in the written judgment are prefaced with the statement that they apply only if "[t]he Court . . . applied [the special conditions] to the supervised person . . . at the time of sentencing." As the district court did not specifically state that any of these conditions applied, the challenged condition does not apply to Warren.

As Warren has failed to show any plain error with respect to the conditions of his supervised release, the judgment of the district court is AFFIRMED.